Adam Gordon
United States Attorney
Siddharth Dadich
Assistant United States Attorney
Texas Bar No. 24096310
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9721
Email: siddharth.dadich@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED

APR 2 8 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [[ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:26-cr-00911-RBM |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| Jaime Ernesto ALVAREZ-Gonzalez, aka "Ernesto Alvarez," | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Siddharth Dadich, Assistant United States Attorney, and defendant, Jaime Ernesto ALVAREZ-Gonzalez, with the advice and consent of Cindy Muro, counsel for defendant, as follows:

//
//
//
//
//
//

ETC:lml:4/17/26

Def. Initials ₺EAG

I

**THE PLEA**

Defendant agrees to plead guilty to Counts 1 and 4-6 of the Superseding Indictment charging Defendant with:

Count 1

On or about February 14, 2025, within the Southern District of California, defendant JAIME ERNESTO ALVAREZ-GONZALEZ, aka "Ernesto Alvarez," knowing he was an alien illegally or unlawfully in the United States, did knowingly possess a firearm, that traveled in and affected interstate commerce, to wit: a Glock 26 9mm pistol, Serial No. ZAF670; in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(8).

Count 4

On or about January 8, 2026, within the Southern District of California, defendant JAIME ERNESTO ALVAREZ-GONZALEZ, aka "Ernesto Alvarez," did falsely assume and pretend to be an officer or employee of the United States acting under the authority thereof, that is, a United States Border Patrol agent, and in such assumed and pretended character did act as such, in that he falsely represented that he was a United States Border Patrol agent, and acted as such by pursuing an actual United States Border Patrol agent and forcing that agent to abandon his law enforcement objective; in violation of Title 18, United States Code, Section 912.

Count 5

On or about December 27, 2025, within the Southern District of California, defendant JAIME ERNESTO ALVAREZ-GONZALEZ, aka "Ernesto Alvarez," knowing he was an alien illegally or unlawfully in the United States, did knowingly possess a firearm, that traveled in and affected interstate commerce, to wit: Aero Precision Model X15 Multi-Caliber AR-style rifle, Serial No. X438454; all in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(8).

///

///

///

2

Def. Initials _JEAG_

24CR_____

### Count 6

On or about December 27, 2025, within the Southern District of California, defendant JAIME ERNESTO ALVAREZ-GONZALEZ, aka "Ernesto Alvarez," knowing he was an alien illegally or unlawfully in the United States, did knowingly possess a firearm, that traveled in and affected interstate commerce, to wit: an Interarms Hellpup 7.62x39 AK-style pistol, Serial No. PAC1127054-19; all in violation of Title 18, United States Code, Sections 922(g)(5)(A) and 924(a)(8).

In addition, defendant consents to the forfeiture allegations of the Superseding Indictment, consents to the forfeiture of all properties seized in connection with the case, and agrees the attached Forfeiture Addendum shall govern forfeiture in this case.

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement, or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XIII below shall apply.

### II

### NATURE OF THE OFFENSE

#### A.    ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty has the following elements:

### Counts 1, 5 & 6

1.    Defendant knowingly possessed a firearm;

2.    The firearm had been shipped or transported from one state to another;

3.    At the time the defendant possessed the firearm, the defendant was an alien illegally or unlawfully present in the United States; and

3

Def. Initials _JEAA_

26CR_____

4.   At the time the defendant possessed the firearm, the defendant knew that he was an alien illegally or unlawfully present in the United States.

## Count 4

1.   Defendant falsely assumed and pretended to be an officer or employee of the United States acting under the authority thereof; and

2.   Defendant acted as such.

**B.   ELEMENTS UNDERSTOOD AND ADMITTED — FACTUAL BASIS**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

## Count 1

1.   On or about February 14, 2025, Defendant knowingly possessed a Glock 26 9mm pistol, Serial No. ZAF670, within the Southern District of California.

2.   The firearm had been shipped or transported from one state to another, in that it was not manufactured in California.

3.   At the time Defendant possessed the firearm, Defendant was an alien illegally or unlawfully present in the United States.

4.   At the time Defendant possessed the firearm, Defendant knew that he was an alien illegally or unlawfully present in the United States.

///
///
///

4

Def. Initials _____
26CR_____

## Count 4

1.  On or about January 8, 2026, Defendant falsely assumed and pretended to be an officer or employee of the United States by portraying himself as a United States Border Patrol Agent, within the Southern District of California. Defendant is not an officer or employee of the United States.

2.  Defendant closely pursued an actual Border Patrol agent on surface streets in San Diego, California. While doing so, Defendant drove an F-150 vehicle with a United States Border Patrol sticker on the windshield, a lightbar on the dashboard, and handcuffs hanging from the rear-view mirror. Defendant also wore a facemask and a thin green line baseball cap worn by supporters of Border Patrol. Defendant recorded and narrated this incident and claimed to be actively looking for federal law enforcement involved in deportation missions.

3.  By sowing confusion through his impersonation, Defendant caused the Border Patrol agent he was following to deconflict with other federal agents on his team. Based on Defendant's actions, the Border Patrol agent he targeted was forced to abandon his law enforcement mission.

## Count 5

1.  On or about December 27, 2025, Defendant knowingly possessed an Aero Precision Model X15 Multi-Caliber AR-style rifle, Serial No. X438454, within the Southern District of California.

2.  The firearm had been shipped or transported from one state to another, in that it was not manufactured in California.

3.  At the time Defendant possessed the firearm, Defendant was an alien illegally or unlawfully present in the United States.

4.  At the time Defendant possessed the firearm, Defendant knew that he was an alien illegally or unlawfully present in the United States.

## Count 6

1.  On or about December 27, 2025, Defendant knowingly possessed an Interarms Hellpup 7.62x39 AK-style pistol, Serial No. PAC1127054-19, within the Southern District of California.

2.  The firearm had been shipped or transported from one state to another, in that it was not manufactured in California.

5

Def. Initials _____

26CR_____

3.   At the time Defendant possessed the firearm, Defendant was an alien illegally or unlawfully present in the United States.

4.   At the time Defendant possessed the firearm, Defendant knew that he was an alien illegally or unlawfully present in the United States.

## III

## PENALTIES

### Counts 1, 5 & 6

The crimes to which Defendant is pleading guilty carries the following penalties:

A.   A maximum 15 years in prison;

B.   A maximum $250,000 fine;

C.   A mandatory special assessment of $100 per count;

D.   A term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E.   Forfeiture of all firearms and ammunition involved in the offense.

### Count 4

A.   A maximum 3 years in prison;

B.   A maximum $250,000 fine;

C.   A mandatory special assessment of $100 per count;

D.   A term of supervised release of up to 1 year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

///
///
///

## IV

6

Def. Initials _____

26CR_____

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND
## UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of defendant;

F.   Not testify or have any adverse inferences drawn from the failure to testify; and

G.   Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceedings.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including defendant's removal or deportation from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
## PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if

7

Def. Initials _____

26CR_____

Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

VI

**DEFENDANT'S REPRESENTATION THAT GUILTY
PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up and rendered ineligible to receive valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea;

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C.  No one has threatened defendant or defendant's family to induce this guilty plea; and

D.  Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

8

Def. Initials _____

26CR_____

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

Except as provided in section VIII below, this plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### AGREEMENT REGARDING 18 U.S.C. 922(G)(5) CHARGES IN THE SOUTHERN DISTRICT OF TEXAS

The Government agrees not to prosecute Defendant for any 18 U.S.C. 922(g)(5) offense (or related offense) pertaining to Defendant's possession of a Smith & Wesson 686 firearm (Serial No. EEN0807) at the Athena Gun Range in Houston, Texas on or about June 25, 2025. This agreement is intended to bind both the Southern District of California and the Southern District of Texas only as it pertains to said firearm possession in Houston, Texas on or about June 25, 2025.

## IX

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense

9

Def. Initials _EAC_

26CR_____

counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## X

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## XI

## PARTIES SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures.

1.   Base Offense Level [USSG § 2K2.1(a)(7)]:               12

2.   Offense Characteristics [USSG § 2K2.1(b)(1)(A)]:      +2

3.   Acceptance of Responsibility [USSG § 3E1.1(a)]:        -2

10                          Def. Initials _____
                            26CR_____

B.    **ACCEPTANCE OF RESPONSIBILITY**

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court or probation officer;

4.    Breaches this plea agreement in any way; or

5.    Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the Defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C.    **FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant may not recommend additional downward variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government may recommend any variances under 18 U.S.C. § 3553 and may oppose any downward adjustments, departures, or variances not set forth in Section XI, paragraph A above.

D.    **NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The Parties have no agreement as to Defendant's Criminal History Category other than convictions set forth in the "factual basis" paragraph of this agreement.

11

Def. Initials _____

26CR_____

**E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

**F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

The parties **jointly recommend** that Defendant be sentenced to **six months** in custody, concurrent to any detention accrued in **federal criminal** custody in 2026.

**G.   SPECIAL ASSESSMENT AND FORFEITURE**

**1.   Special Assessment and Fine**

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

**2.   Forfeiture**

Defendant agrees that the provisions of the attached Forfeiture Addendum shall govern forfeiture in this case.

**H.   SUPERVISED RELEASE**

Defendant will not recommend a term of supervised release of less than two years. The government may recommend any term of supervised

12

Def. Initials _____

26CR_____

release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 1/2 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment. CNM SDD

The Parties will jointly stipulate/recommend a ~~full~~ Fourth Amendment waiver as a condition of supervised release for Defendant to submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time ~~with or without a warranty, and~~ with ~~or without~~ reasonable suspicion. CNM SDD

## XII

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

13

Def. Initials _____
26CR_____

## XIII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;

2. Failing to fully accept responsibility as established in Section XI, paragraph B, above;

3. Failing to appear in court;

4. Attempting to withdraw the plea;

5. Failing to abide by any court order related to this case;

6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XII of this plea agreement; or

7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any

14

Def. Initials _____

26CR _____

statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIV

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

15

Def. Initials _ℓℰₛₕ_

26CR_____

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

### XVI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
United States Attorney

4/22/2026
_____
DATED

_____
Siddharth Dadhich
Assistant U.S. Attorney

4/21/2026
_____
DATED

_____
Cindy Muro
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

4/21/2026
_____
DATED

_____
Jaime Ernesto Alvarez-Gonzalez
Defendant

Approved by:

s/ Robert J. Miller
_____
Robert J. Miller
Assistant U.S. Attorney

16

Def. Initials _____
26CR _____