**FORFEITURE ADDENDUM (Jaime Ernesto ALVAREZ-Gonzalez, Case No. 26-cr-00911)**

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply. Defendant understands that forfeiture is mandatory for the offense to which he is pleading guilty. In addition, Defendant is voluntarily agreeing to forfeiture to the United States of additional items to include all property seized in connection with the case as set forth below. This addendum controls all forfeiture obligations and supersedes any allegations made elsewhere.

A.   Penalty. In addition to the penalties in the plea agreement, federal law envisions forfeiture from the Defendant of all firearms and ammunition involved in the offense pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c). Moreover, as further explained, Defendant is agreeing to forfeiture to the United States of property seized in connection with the case.

B.   Property Subject to Forfeiture. As part of Defendant's guilty plea to Counts 1,5, and 6 of the Superseding Indictment, as set forth in section I of the plea agreement, Defendant agrees to forfeit the following property in connection with this case:

1.   Smith and Wesson SD9 VE 9MM pistol, Serial No. FXJ2115;

2.   Smith & Wesson 642-2 Revolver, Serial No. CXA3343;

3.   All ammunition seized in this case;

4.   All body armor and body armor plates seized in this case;

5.   All license plates with law enforcement insignia seized in this case;

Forfeiture Addendum

**FILED**

APR 2 8 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Def. Initials _JEA_
19-CR-4227-MMA

6. All property belonging to United States Customs and Border Patrol seized in this case; and

7. A 2015 Ford F-150 bearing Texas license plate "JV47N."

Should Defendant not have any of the described firearms in his possession, Defendant agrees to (1) ensure their delivery to the government prior to sentencing or (2) notify the government of their last known location. ~~Failure to fully abide by this condition is considered a breach of the overall plea agreement.~~ CWM *J&A SDD*

C. <u>Basis of Forfeiture</u>. Defendant agrees the firearms and ammunition described above are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c). Moreover, Defendant voluntarily consents to the forfeiture to the United States of all properties seized in connection with this case.

D. <u>Immediate Entry of Preliminary Order of Forfeiture</u>. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall

constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. By signing this forfeiture addendum Defendant is withdrawing any and all petitions and claims in any related proceedings.

E. Entry of Orders of Forfeiture and Waiver of Notice. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea.

F. Waiver of Constitutional and Statutory Challenges. Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

///

///

Forfeiture Addendum

3

Def. Initials _____

[Case number]

G.   **Agreement Survives Defendant; No Forfeiture Abatement.** Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

ADAM GORDON
United States Attorney

4/22/2026
DATED

Siddharth Dadhich
Assistant U.S. Attorney

4/21/2026
DATED

Cindy Muro
Defense Counsel

4/21/2026
DATED

Jaime Ernesto Alvarez-Gonzalez
Defendant

Forfeiture Addendum

4

Def. Initials _____
[Case number]